IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALONZO NEAL, | ) | 8:14CV354 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SCOTT R. FRAKES, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment (Filing No. 13). Respondent argues Petitioner Alonzo Neal's Petition for Writ of Habeas Corpus (Filing No. 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). For the reasons discussed below, the court agrees.

## I. BACKGROUND

**A. Conviction and Direct Appeal**

Neal was convicted of second degree murder and use of a deadly weapon to commit a felony on November 3, 2003, following a bench trial in the Douglas County District Court ("state district court"). (Filing No. 14-3 at CM/ECF p. 1.) The state district court sentenced Neal to 25 to 35 years' imprisonment on the murder charge and 20 to 20 years' imprisonment on the weapon charge. (Filing No. 14-3 at CM/ECF p. 2.) Neal appealed to the Nebraska Supreme Court, which denied relief on September 22, 2004. (Filing No. 14-1 at CM/ECF p. 2.)

### B. Postconviction Motion and Appeal

Neal filed a verified motion for postconviction relief on June 9, 2009. (Filing No. 14-4 at CM/ECF pp. 1-20.) The state district court denied the motion on February 9, 2010. (Filing No. 14-4 at CM/ECF pp. 21-27.)

Neal appealed the denial of postconviction relief to Nebraska's appellate courts. The Nebraska Court of Appeals denied relief on September 23, 2010. (Filing No. 14-2 at CM/ECF p. 2.) The Nebraska Supreme Court denied Neal's petition for further review on January 19, 2011, and issued its mandate on February 2, 2011. (Filing No. 14-2 at CM/ECF p. 2.)

### C. Petition

Neal filed his habeas corpus petition (Filing No. 1) in this court on November 13, 2014. Thereafter, Respondent moved for summary judgment (Filing No. 13), arguing the petition is barred by the statute of limitations. Neal filed a brief (Filing No. 19) in opposition to Respondent's motion, and Respondent filed a reply brief (Filing No. 20). This matter is fully submitted for disposition.

## II. ANALYSIS

### A. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). This case concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). "The

statute of limitations is tolled while state post-conviction or other collateral review is pending." *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Neal's state court judgment became final on December 21, 2004, which is 90 days after the Nebraska Supreme Court affirmed his convictions and sentences. *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (holding that a judgment is final, under 28 U.S.C. § 2244(d)(1)(A), at the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days for filing a petition for a writ of certiorari with the United States Supreme Court). Thus, Neal had until December 21, 2005, to file for federal habeas corpus relief, but he did not do so until November 13, 2014.

The time during which Neal's postconviction action was pending does not toll the one-year limitations period because the limitations period had already expired when Neal filed his postconviction action.

For the foregoing reasons, the court finds that Neal's petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

**B.     Equitable Tolling and Actual Innocence**

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006) (quotation marks and citation omitted). In addition, in *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

Neal made a general reference in his brief to having pursued his rights diligently, but he offered no explanation for how he pursued his rights diligently. In addition, Neal did not identify any extraordinary circumstance that impeded his ability to file his habeas corpus petition sooner. As such, Neal has not presented the court with any reason to warrant the application of equitable tolling to the limitations period.

Neal also argued the court should excuse him from the procedural bar of the statute of limitations under the miscarriage of justice exception. But he did not argue he is actually innocent of murder or use of a weapon to commit a felony. Rather, he argues his criminal case should have been dismissed because his constitutional right to a speedy trial was violated. However, Neal's assertion is not sufficient to invoke the miscarriage of justice exception because "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998).

For the foregoing reasons, the court finds Neal has not presented the court with any reason to excuse him from the procedural bar of the statute of limitations under the miscarriage of justice exception and he is not entitled to equitable tolling of the limitations period.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

4

assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Neal has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 13) is granted. Neal's Petition for Writ of Habeas Corpus (Filing No. 1) is dismissed with prejudice.

2. The court will enter judgment by separate order.

3. The court will not issue a certificate of appealability in this matter.

DATED this 21st day of October, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.